**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| SUENO FITNESS INC.<br>827 W. Central Avenue<br>Springboro, OH 45066<br><br>HILARIO GRAJEDA<br>7117 Quarterhorse Drive<br>Springboro, OH 45066<br><br>REBECCA GRAJEDA<br>7117 Quarterhorse Drive<br>Springboro, OH 45066<br><br>       Plaintiffs,<br><br>v.<br><br>OH STEELE FITNESS, LLC<br>c/o Shane Franklin<br>230 Hill Road, Apt. 23<br>Dalton, GA 30721<br><br>SHANE FRANKLIN<br>230 Hill Road, Apt. 23<br>Dalton, GA 30721<br><br>FITNESS 1440, INC.<br>870 East Williams Field Road<br>Gilbert, AZ 85295<br><br>  SERVE ALSO:<br>  Fitness 1440, Inc.<br>  c/o Steven Beach<br>  870 East Williams Field Road<br>  Gilbert, AZ 85295<br><br>PHOENIX 1440, INC.<br>c/o Steven Beach<br>870 East Williams Field Road<br>Gilbert, AZ 85295<br><br>       Defendants. | CASE NO. 1:23-cv-415<br><br>JUDGE<br><br><br>**COMPLAINT**<br><br><br>**[JURY DEMAND ENDORSED HEREON]** |

Plaintiffs Sueno Fitness Inc. d/b/a G.A.C. Fitness & Sports Performance Center, Hilario Grajeda, and Rebecca Grajeda, by and through undersigned counsel, state as follows for their Complaint:

**PARTIES AND JURISDICTION**

1. Plaintiff Sueno Fitness Inc. d/b/a G.A.C. Fitness & Sports Performance Center ("Sueno Fitness") is an Ohio corporation with its principal place of business at 827 W. Central Avenue, Springboro, OH 45066.

2. Plaintiff Hilario Grajeda is an Ohio resident who resides at 7117 Quarterhorse Drive, Springboro, OH 45066.

3. Plaintiff Rebecca Grajeda is an Ohio resident who resides at 7117 Quarterhorse Drive, Springboro, OH.

4. Defendant OH Steele Fitness, LLC ("Steele Fitness") is an Ohio limited liability company. Shane Franklin is the registered agent of Steele Fitness. Upon information and belief, Shane Franklin, who is a resident of Georgia, is the sole member of Steele Fitness.

5. Defendant Shane Franklin is a resident of Georgia who resides at 230 Hill Road, Apt. 23, Dalton, GA 30721.

6. Fitness 1440, Inc. is a Pennsylvania corporation with its principal place of business located at 870 East Williams Field Road, Gilbert, Arizona 85295. Steven Beach is Fitness 1440, Inc.'s registered agent at 870 East Williams Field Road, Gilbert, Arizona 85295.

7. Phoenix 1440, Inc. is an Arizona corporation with its principal place of business located at 870 East Williams Field Road, Gilbert, Arizona 85295. Steven Beach is Phoenix 1440, Inc.'s registered agent at 870 East Williams Field Road, Gilbert, AZ 85295. Phoenix 1440, Inc. was the applicant for the trade name "Fitness 1440," which is in the business of health and fitness

clubs. The trade name Fitness 1440 is registered with the Arizona Secretary of State and has a business address of 730 N. Ithica Street, Gilbert, AZ 85233.

8. This Court has jurisdiction of this matter under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the Plaintiffs and the Defendants.

9. Venue is proper in this Court under 28 U.S.C. § 1391 because this Court embraces the place where the cause of action accrued and where the Plaintiffs' property is situated, Warren County, Ohio.

**FACTUAL ALLEGATIONS**

10. For years, Sueno Fitness operated a gym at 827 W. Central Ave., Springboro, OH 45066 (the "Premises").

11. Sueno Fitness owned the equipment and inventory used for the gym in the Premises (hereinafter "Equipment"). A non-exhaustive list of the Equipment owned by Sueno Fitness for the gym in the Premises is attached as Exhibit 1 to this Complaint.

12. In or about October 2022, Shane Franklin ("Franklin") approached Plaintiffs to purchase the Equipment and assume the lease for the Premises so that Defendants could operate a gym in the Premises under the name "Fitness 1440."

13. During this time, Franklin said that after Defendants purchased the Equipment, Chico Grajeda could continue training clients at the gym and would be paid 100% of the money earned from those training sessions.

14. During this time, Franklin agreed, promised, and induced Plaintiffs into believing, to Plaintiffs' detriment, not only that Chico Grajeda could continue training clients at the gym and would be paid 100% of the money earned from those training sessions, but also that Franklin loved

3

how Mr. Grajeda trained, wanted him to continue training, and wanted him to eventually train other trainers at the gym after Defendants started to operate the gym.

15. During this time, Shane Franklin agreed, promised, and induced Plaintiffs into believing, to Plaintiffs' detriment, that Defendants would pay the expenses of operating the gym, including but not limited to rent and utilities, until Defendants entered a new lease with the landlord of the premises in January 2023.

16. On November 1, 2022, Sueno Fitness, Steele Fitness, and Franklin entered into an Asset Purchase Agreement ("APA"). A copy of the APA is attached as Exhibit 2.

17. Pursuant to the APA, Steele Fitness and Franklin agreed to purchase "all equipment of the Company or owner related to the Company's business." This included all Equipment in the gym and Premises.

18. Pursuant to the APA, Steele Fitness and Franklin agreed to purchase Plaintiffs' intellectual property, which included websites and internet domains.

19. Pursuant to the APA, Steele Fitness and Franklin assumed and agreed to the performance of all the obligations under the Assigned Contracts arising after the closing of the APA on November 1, 2022.

20. Defendants assumed and agreed to pay rent, utilities, insurance, and other business-related expenses after November 1, 2022, the date on which the APA was executed and closed.

21. Pursuant to the APA, the purchase price for the purchased assets, including the Equipment, was $60,000.

22. Pursuant to the APA, Steele Fitness and Franklin were required to deliver to Plaintiffs the purchase price of $60,000 at closing, which was November 1, 2022.

23. To date, Defendants have not paid the purchase price to Plaintiffs.

24. To date, Defendants continue to use the Equipment, without any possessory interest or rights to the Equipment, to operate a gym in the Premises under the name "Fitness 1440."

25. After Steele Fitness and Franklin signed the APA and Defendants assumed the operation of the gym and did in fact operate the gym, individuals who worked at the gym, including Chico Grajeda, were not paid on time or not paid altogether. Several checks issued to individuals who worked at the gym "bounced" due to insufficient funds.

26. Franklin came up with excuse after excuse as to why payment was not on time and promised that payment would be made.

27. On May 2, 2023, counsel for Plaintiffs sent a formal written demand to Franklin and Heath York ("York")—who Franklin had represented to be the CFO of Fitness 1440—demanding payment of the $60,000 within 30 days.

28. In response to the May 2, 2023 letter, on May 9, 2023, York—or someone purporting to be York—sent an email to Plaintiffs advising that Plaintiffs were no longer permitted in the gym and that if Plaintiffs entered the gym, it would be considered a "trespass."

29. On May 11, 2023, counsel for Plaintiffs sent an email to Franklin and York advising that continued wrongful use of the Equipment without payment would result in legal action. Plaintiffs' counsel demanded that payment of $60,000 be made by May 14, 2023 or, alternatively, that Plaintiffs be permitted to access the Premises to consummate a sale of the Equipment to another ready, willing, and able buyer.

30. Despite repeated and due demand, Defendants have failed and refused to pay Plaintiffs, return the equipment, or give Plaintiffs access to the Premises to consummate the sale of the Equipment.

31. To date, Defendants continue to possess the Equipment and utilize the Equipment for Defendants' exclusive benefit in operating a gym at the Premises under the name "Fitness 1440."

32. In addition, Defendants have cut off Plaintiffs' access to their GAC email accounts and the GAC Facebook account.

33. At all times, Franklin and York were acting as an agent and/or employee of and/or with the authority of Fitness 1440, Inc., Phoenix 1440, Inc., and/or Fitness 1440.

34. At all times, Fitness 1440, Inc., Phoenix 1440, Inc., and/or Fitness 1440 were aware of Franklin's and York's dealings and authorized, approved, and ratified their dealings, acts, and omissions and continue to do so, knowing that the gym is profiting off the wrongful use of the Equipment without payment having been made to Plaintiffs.

## COUNT I
### Breach of Contract

35. Plaintiffs incorporate by reference herein all the allegations set forth in paragraphs 1 through 34 of this Complaint.

36. Defendants' failure to pay the purchase price of $60,000 constitutes a breach of the APA.

37. Defendants' continued use of the Equipment without payment to Plaintiffs constitutes a breach of the APA.

38. Defendants' actions in cutting off Plaintiffs' access to Plaintiffs' email and Facebook accounts constitutes a breach of the APA.

39. Defendants' failure to pay rents, utilities, and other expenses for the Premises, wages and salaries, and other expenses after November 1, 2022 constitutes a breach of the APA and agreements by and between Plaintiffs and Defendants.

40. As a direct and proximate result of Defendants' breach of the APA and other agreements, Plaintiffs have been damaged in an amount to be determined at trial, in an amount that exceeds $75,000.00, exclusive of interest and costs, to include pre and post judgment interest and attorney's fees.

## COUNT II
**Unjust Enrichment**

41. Plaintiffs incorporate by reference herein all the allegations set forth in paragraphs 1 through 40 of this Complaint.

42. Defendants promised and agreed to pay the purchase price, as set forth in the APA, as well as other promises and agreements such as allowing Chico Grajeda to continue to train and paying rent, utilities, salaries and wages, and other expenses after the APA was executed.

43. Plaintiffs conferred a benefit on Defendants, including but not limited to by allowing Defendants to operate a gym at the Premises with the Equipment and continued to provide services, including but not limited to training of clients at the gym.

44. Defendants are aware of the benefits conferred on them by Plaintiffs.

45. Defendants have not performed their promises and obligations.

46. Defendants are aware that their continued retention of the benefits conferred on them by Plaintiffs is unjust without payment.

47. Despite due demand, Defendants have failed and refused to pay the purchase price, as set forth in the APA, reimburse Plaintiffs for rents, utilities, and other expenses Plaintiffs paid that were required to be paid by Defendants, or to return the Equipment to Plaintiffs, and instead continue to use and profit from the Equipment from Defendants' exclusive and wrongful possession of the Equipment to operate and profit from a gym at the Premises.

48. Defendants have been unjustly enriched by their continued use and profit their

exclusive and wrongful possession of the Equipment.

49. As a direct and proximate result of Defendants' unjust enrichment, Plaintiffs have been damaged in an amount to be determined at trial, in an amount that exceeds $75,000.00, exclusive of interest and costs, to include pre and post judgment interest and attorney's fees.

### COUNT III
**Conversion**

50. Plaintiffs incorporate by reference herein all the allegations set forth in paragraphs 1 through 49 of this Complaint.

51. Plaintiffs owned and had the right to possess the Equipment and emails and social media accounts.

52. Defendants have wrongfully, willfully, maliciously, and with knowing disregard for Plaintiffs' rights, failed and refused to turn over to Plaintiffs the Equipment and accounts despite Plaintiffs' lawful demands.

53. Defendants have wrongfully converted the Equipment for Defendants own use and benefit and continue to exert and maintain dominion and control over the Equipment and accounts to the exclusion of Plaintiffs.

54. Upon information and belief, some or all the Equipment has been damaged, is not being maintained, and has been wrongfully moved from the Premises.

55. As a direct and proximate result of Defendants' wrongful conversion, Plaintiffs have been damaged in an amount to be determined at trial, in an amount that exceeds $75,000.00, exclusive of interest and costs, to include pre and post judgment interest and attorney's fees.

56. In addition, Defendants acted with actual malice and fraud in converting Plaintiffs' equipment. As such, Plaintiffs are entitled to punitive damages and attorney's fees.

## COUNT IV
### Replevin

57. Plaintiffs incorporate by reference herein all the allegations set forth in paragraphs 1 through 56 of this Complaint.

58. Plaintiffs are the lawful owners and have the legal right to possession of the Equipment and accounts.

59. Despite Plaintiffs' ownership and possessory right to the Equipment and accounts, Defendants have and continue to wrongfully retain the use, enjoyment, and possession of the Equipment and accounts.

60. Despite due demand from Plaintiffs, Defendants have failed and refused to turn over the Equipment and accounts to Plaintiffs and remain illegally in possession of the Equipment and accounts.

61. Plaintiffs are entitled to possession of the Equipment and accounts, which remain in the unlawful actual and/or constructive possession of Defendants.

62. In addition to being damaged as a result of Defendants' failure to turn over the Equipment and accounts, Defendants may be subjected to additional damages as a result of Defendants' continued use and/or improper maintenance of the Equipment.

63. Pursuant to the laws of the State of Ohio, Plaintiffs are entitled to replevy the Equipment and accounts.

## COUNT V
### Fraud

64. Plaintiffs incorporate by reference herein all the allegations set forth in paragraphs 1 through 63 of this Complaint.

65. Defendants made numerous material misrepresentations to Plaintiffs, including but not limited to:

(1) Franklin, as sole member of Steele Fitness and agent and/or representative of all Defendants, represented that his name was "Mayson Steele" when he entered negotiations with Plaintiffs, which was done to conceal Franklin's identity and his history of scamming gym owners and members. Indeed, in 2012, the 10 News I-Team ran a story on Shane Franklin's business dealings with various gyms. In that story, 10 News I-Team reported that Shane Franklin was "selling promises of fitness and fun but specializing only in thinning out his clients' wallets." In that story, 10 News I-Team reported that Shane Franklin had a history of "taking money and not delivering on his promises." In that story, 10 News I-Team reported that Shane Franklin was under investigation for allegations of money mismanagement and forgery. In that story, it was reported that Shane Franklin was improperly using the name and logo of Powerhouse Gym, and that Powerhouse Gym wrote to Franklin advising that the "unauthorized use of our trademark is a blatant misrepresentation…" The 10 News I-Team story is located here: https://www.youtube.com/watch?v=XsDo1L8DOyw.

(2) Defendants would pay Plaintiffs for the Equipment and accounts, both before the APA was entered and after the APA was entered, including all the way up until recently when Defendants promised to pay Plaintiffs for the Equipment and restore the accounts so the parties could avoid litigation. Defendants ultimately reneged on their agreement, which ostensibly was just another way to avoid and delay paying Plaintiffs and to continue profiting off the wrongful and illegal use of Plaintiffs' Equipment and accounts.

(3) Defendants would pay rent, utilities, salaries and wages, and other expenses related to the operation of the gym at the Premises after the APA was signed but before the Defendants

entered a new lease with the landlord of the Premises. Defendants failed to pay rent, utilities, salaries and wages, and other expenses related to operating of the gym, resulting in Plaintiffs having to pay many of these expenses, including more than $15,000 to the landlord in a lawsuit related to non-payment of rent.

(4)     Defendants would pay Chico Grajeda for training clients at the gym after the APA was entered. Defendants failed and delayed in paying Mr. Grajeda for training that he provided to clients at Defendants' gym. Defendants issued several checks to Mr. Grajeda that "bounced" due to insufficient funds.

(5)     Defendants wanted Chico Grajeda to continue training clients at the gym and eventually become a trainer of the trainers after the APA was entered. Instead, Defendants took Plaintiffs' Equipment, prohibited Plaintiffs from accessing their email and social media accounts, kicked Mr. Grajeda out of the gym, and told him that if he entered the Premises, it would be deemed a "trespass."

66.     Defendants' representations and promises to Plaintiffs were material to the transaction.

67.     Defendants' representations were made falsely, with knowledge of their falsity, or with such utter disregard and recklessness as to whether they were true or false, such that knowledge may be inferred.

68.     Defendants' representations were made with the intent of misleading Plaintiffs into relying on the representations.

69.     Plaintiffs justifiably relied upon the Defendants' representations and concealments.

70. As a direct and proximate result of Defendants' fraud, Plaintiffs have been damaged in an amount to be determined at trial, in an amount that exceeds $75,000.00, exclusive of interest and costs, to include pre and post judgment interest and attorney's fees.

71. In addition, Defendants' fraudulent representations and concealments were made with actual malice. As such, Plaintiffs are entitled to punitive and exemplary damages.

## COUNT VI
### Violations of Ohio's Consumer Sales Practices Act
### R.C. 1345.02, *et seq.*

72. Plaintiffs incorporate by reference herein all the allegations set forth in paragraphs 1 through 71 of this Complaint.

74. R.C. 1345.02 prohibits suppliers from committing unfair or deceptive acts or practices in connection with a consumer transaction.

75. R.C. 1345.03 prohibits suppliers from committing unconscionable acts or practices in connection with a consumer transaction.

76. "Consumer transaction" means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things.

77. "Supplier" means a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer.

78. "Person" includes an individual, corporation, government, governmental subdivision or agency, business trust, estate, trust, partnership, association, cooperative, or other legal entity.

79. Defendants are suppliers.

80. Plaintiffs are consumers.

81. Plaintiffs and Defendants engaged in a consumer transaction related to the purchase and sale of the Equipment and accounts and the related agreements with respect to the gym and Premises.

82. Defendants violated the Ohio Consumer Sales Practices Act, R.C. 1345.02 and R.C. 1345.03, including but not limited to by committing fraudulent and deceptive acts, as described in the foregoing paragraphs of this Complaint, and agreeing to pay Plaintiffs for the Equipment but failing to do so while continuing to operate a gym for profit using Plaintiffs' Equipment.

83. Defendants' actions were unconscionable.

84. As a direct and proximate result of Defendants' acts and omissions, Plaintiffs have been damaged in an amount to be determined at trial, in an amount that exceeds $75,000.00, exclusive of interest and costs, to include pre and post judgment interest, treble damages, punitive damages, and attorney's fees.

WHEREFORE, Plaintiffs Sueno Fitness Inc., Hilario Grajeda, and Rebecca Grajeda demand judgment against Defendants OH Steele Fitness, LLC, Shane Franklin, Fitness 1440, Inc., and Phoenix 1440, Inc., jointly and severally, as follows:

1. Upon Count I, judgment for breach of contract against Defendants, jointly and severally, in the amount to be determined at trial, in an amount that exceeds $75,000.00, exclusive of interest and costs, to include pre and post judgment interest and attorney's fees.

2. Upon Count II, and in the alternative to Count I, judgment for unjust enrichment against Defendants, jointly and severally, in the amount to be determined at trial,

in an amount that exceeds $75,000.00, exclusive of interest and costs, to include pre and post judgment interest and attorney's fees;

3. Upon Count III, judgment for conversion against Defendants, jointly and severally, in the amount to be determined at trial, in an amount that exceeds $75,000.00, exclusive of interest and costs, to include pre and post judgment interest, punitive damages, and attorney's fees;

4. Upon Count IV, judgment granting Plaintiffs permanent possession of the Equipment and accounts and ordering Defendants to turn over the Equipment and accounts to Plaintiffs at Defendants' sole cost and expense;

5. Upon Count V, judgment for fraud against Defendants, jointly and severally, in the amount to be determined at trial, in an amount that exceeds $75,000.00, exclusive of interest and costs, to include pre and post judgment interest, punitive damages, and attorney's fees;

6. Upon Count VI, judgment for violations of Ohio's Consumer Sales Practices Act against Defendants, jointly and severally, in the amount to be determined at trial, in an amount that exceeds $75,000.00, exclusive of interest and costs, to include pre and post judgment interest, treble damages, punitive damages, and attorney's fees; and

7. As to all Counts, judgment in favor of Plaintiffs against Defendants for the costs of this action and for any further relief that the Court deems just and proper.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

*/s/ Tyler M. Jolley*
Tyler M. Jolley


Respectfully submitted,

*/s/ Tyler M. Jolley*
Tyler M. Jolley (0092772)
Robert W. Schrimpf (0085020)
ROETZEL & ANDRESS, LPA
625 Eden Park Drive, Suite 450
Cincinnati, OH 45202
Phone: 513.361.0200
Fax: 513.361.0335
E-mail: tjolley@ralaw.com
        rschrimpf@ralaw.com

*Attorneys for Plaintiffs Sueno Fitness, Inc., Hilario Grajeda, and Rebecca Grajeda*