IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| SUENO FITNESS INC., | CASE NO. 1:23-CV-415 |
| Plaintiffs, | JUDGE TIMOTHY S. BLACK |
| vs. | |
| OH STEELE FITNESS, LLC., et al., | **PLAINTIFFS' MOTION FOR EMERGENCY ORDER OF POSSESSION** |
| Defendants. | |

Plaintiffs Sueno Fitness Inc., Hilario Grajeda, and Rebecca Grajeda (hereinafter "Sueno Fitness"), by and through undersigned counsel, hereby move this Court pursuant to Ohio Revised Code ("O.R.C.") §§ 2737.03 and 2737.19 for an emergency order of possession of Plaintiffs' equipment. Defendants OH Steele Fitness, LLC, Shane Franklin, Fitness 1440, Inc., and Phoenix 1440, Inc. have refused to pay Plaintiffs for the equipment and have wrongfully retained possession of the equipment to operate a gym under the name "Fitness 1440" for more than eight months. Furthermore, Defendants have removed some of Plaintiffs' equipment and are planning to remove more of Plaintiffs' equipment. The grounds for this Motion are set forth in the Memorandum in Support and the Affidavit of Hilario Grajeda , both of which are attached hereto and incorporated herein by reference. A proposed Order of Possession is also attached for the Court's consideration.

2

Respectfully submitted,

*/s/ Tyler M. Jolley*
Tyler M. Jolley (0092772)
Robert W. Schrimpf (0085020)
ROETZEL & ANDRESS, LPA
625 Eden Park Drive, Suite 450
Cincinnati, OH  45202
Phone: 513.361.0200
Fax: 513.361.0335
E-mail: tjolley@ralaw.com
        rschrimpf@ralaw.com

*Attorneys for Plaintiffs Sueno Fitness, Inc.,*
*Hilario Grajeda, and Rebecca Grajeda*

2

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EMERGENCY ORDER OF POSSESSION

### I.    STATEMENT OF FACTS

For years, Plaintiffs operated a gym at 827 W. Central Ave., Springboro, OH 45066 (the "Premises"). (Affidavit of Hilario Grajeda at ¶ 3, attached as Exhibit 1). Plaintiffs owned the equipment and inventory used for the gym in the Premises (hereinafter "Equipment"). (Grajeda Affidavit at ¶ 4). A non-exhaustive list of the Equipment owned by Plaintiffs in the Premises is attached as Exhibit 1A to this Motion. (Grajeda Affidavit at ¶ 4).

In or about October 2022, Shane Franklin ("Franklin") approached Plaintiffs to purchase the Equipment and assume the lease for the Premises so that Defendants could operate a gym in the Premises under the name "Fitness 1440." On November 1, 2022, Sueno Fitness, Inc. ("Sueno Fitness"), OH Steele Fitness, LLC ("Steele Fitness"), and Shane Franklin ("Franklin") entered into an Asset Purchase Agreement ("APA"). (Grajeda Affidavit at ¶ 5). A copy of the APA is attached to this Motion as Exhibit 1B. (Grajeda Affidavit at ¶ 5).

Pursuant to the APA, Steele Fitness and Franklin agreed to purchase "all equipment of the Company or owner related to the Company's business." (Grajeda Affidavit at ¶ 6). This included all Equipment in the gym and Premises. (Grajeda Affidavit at ¶ 6). Pursuant to the APA, the purchase price for the purchased assets, including the Equipment, was $60,000. (Grajeda at ¶ 7). Pursuant to the APA, Steele Fitness and Franklin were required to deliver to Plaintiffs the purchase price of $60,000 at closing, which was November 1, 2022. (Grajeda at ¶ 8). To date, Defendants have not paid Plaintiffs' for the Equipment. (Grajeda at ¶ 9). Defendants continue to use the Equipment, without any possessory interest or rights to the Equipment, to operate a gym in the Premises under the name "Fitness 1440." (Grajeda Affidavit at ¶ 10).

3

404550.01.121025.0001

On May 2, 2023, counsel for Plaintiffs sent a formal written demand to Franklin and Heath York ("York")—who Franklin had represented to be the CFO of Fitness 1440—demanding payment of the $60,000 within 30 days. (Exhibit 2). In response to the May 2, 2023 letter, on May 9, 2023, York—or someone purporting to be York—sent an email to Plaintiffs advising that Plaintiffs were no longer permitted in the gym and that if Plaintiffs entered the gym, it would be considered a "trespass." (Exhibit 3).

On May 11, 2023, counsel for Plaintiffs sent an email to Franklin and York advising that continued wrongful use of the Equipment without payment would result in legal action. (Exhibit 4). Plaintiffs' counsel demanded that payment of $60,000 be made by May 14, 2023 or, alternatively, that Plaintiffs be permitted to access the Premises to consummate a sale of the Equipment to another ready, willing, and able buyer. Defendants refused. (Exhibit 4).

Plaintiffs filed their Complaint in this action on July 5, 2023. On July 13, 2023, the following photographs were taken, which show gym equipment, trailers, and containers in the parking lot of the Premises:



4



In addition, members and employees of Fitness 1440 reached out to Plaintiffs to tell them that Defendants have removed some of Plaintiffs' Equipment from the Premises and are planning to remove more of Plaintiffs' Equipment from the Premises. (Grajeda at ¶ 15).

## II.     LAW AND ARGUMENT

Ohio law provides for an emergency order of possession, that is, an order granted "without issuing notice to the respondent and without conducting a hearing" when "there is probable cause

to support the motion and that the movant will suffer irreparable injury" from any delay in issuing the order.  O.R.C. § 2737.19(A).  As set forth in detail below, Plaintiffs easily satisfy both criteria.

As to "probable cause" to support a motion for order of possession, this criterion is met when "it is likely that the movant will obtain judgment against the respondent that entitles the movant to permanent possession of the specific personal property that is the subject of [the motion]." O.R.C. § 2737.01(C).  In the case at hand, the Affidavit of Hilario Grajeda, one of the Plaintiffs and owners of the Equipment, establishes not only that Plaintiffs are the rightful owners of the Equipment, but also that Defendants have breached the APA, failed to pay Plaintiffs for the Equipment, kicked Plaintiffs out of the Premises, and continue to wrongfully possess and use Plaintiffs' Equipment to operate a gym for profit under the name Fitness 1440. Accordingly, Plaintiffs submit they are more than likely to prove that they are the parties entitled to possession of the Equipment, thus satisfying the first criterion of O.R.C. § 2737.19(A)'s standard.

The second criterion—irreparable injury—is found when "[t]here is present danger that the property will be immediately disposed of, concealed, or placed beyond the jurisdiction of the court" or when "[t]he value of the property will be impaired substantially if the issuance of an order of possession is delayed." O.R.C. § 2737.19(B).  This criterion is met here, as Plaintiffs are justifiably concerned that Defendants will immediately dispose of, conceal, or place the Equipment beyond this Court's jurisdiction. (Grajeda Affidavit at ¶ 16). Indeed, there are trailers, moving containers, and gym equipment in the parking lot of the Premises. (*See* photographs above; Grajeda Affidavit at ¶ 14). In addition, members and employees of Defendants' gym have told Plaintiffs that Defendants have moved some of Plaintiffs' Equipment out of the gym and that Defendants have plans to move more of Plaintiffs' Equipment out of the gym. (Grajeda Affidavit at ¶ 15). These facts, plus the fact that Defendants have failed to pay for the Equipment for more than eight

6

months, raise more than a suspicion that Defendants have no intention of surrendering the Equipment, and that the Equipment may be damaged, dismantled, or moved in a manner that makes repossession difficult or even impossible.[1] In this situation, Plaintiffs have no means of safeguarding their Equipment, worth hundreds of thousands of dollars, other than taking immediate possession of the Equipment.

In direct contrast to the harm faced by Plaintiffs, Defendants have no legitimate interest in retaining the Equipment they do not own or have a right to possess. Moreover, Defendants' continued possession of the Equipment deprives Plaintiffs of their right economic benefit of the Equipment as its owners, and the fair market value of the Equipment continues to depreciate during Defendants' wrongful possession thereof. (Grajeda Affidavit at ¶ 13).

Additionally, O.R.C. § 2737.19 amply protects Defendants' interest if they believe, for some reason, they are entitled to continued possession of the equipment. After receiving an order granting Plaintiffs possession of the Equipment, if Defendants wish to avoid a hearing but retain possession of the Equipment until the entry of final judgment in this action, Defendants can post a bond in twice the value of the Equipment. O.R.C. § 2737.19. Plaintiffs face real and serious harm

---

[1] Plaintiffs' concerns are amplified by Defendant Franklin's history of running sham gym operations. Franklin represented to Plaintiffs that his name was "Mayson Steele" when he negotiated with Plaintiffs, which was done to conceal Franklin's identity and his history of scamming gym owners and members. Indeed, in 2012, the 10 News I-Team ran a story on Shane Franklin's business dealings with various gyms. In that story, 10 News I-Team reported that Shane Franklin was "selling promises of fitness and fun but specializing only in thinning out his clients' wallets." In that story, 10 News I-Team reported that Shane Franklin had a history of "taking money and not delivering on his promises." In that story, 10 News I-Team reported that Shane Franklin was under investigation for allegations of money mismanagement and forgery. In that story, it was reported that Shane Franklin was improperly using the name and logo of Powerhouse Gym, and that Powerhouse Gym wrote to Franklin advising that the "unauthorized use of our trademark is a blatant misrepresentation…" The 10 News I-Team story is located here: https://www.youtube.com/watch?v=XsDo1L8DOyw. This fact obviously increases Plaintiffs' worries about what Defendants might be doing or planning to do with the Equipment.

404550.01.121025.0001

if an emergency order of possession is not granted, while such an order can cause Defendants no legitimate harm at all.  For this reason—in addition to the reasons already stated—Plaintiffs respectfully submit that they will suffer "irreparable injury" if the order of possession is delayed, thus satisfying the second criterion of O.R.C. § 2737.19(A)'s standard.

## III.    CONCLUSION

Plaintiffs are the rightful owners and possessors of the Equipment, while Defendants have violated their obligations by not paying for the Equipment, refusing to return the Equipment, and continuing to operate a gym for profit using the Equipment. Plaintiffs are thus entitled to recover the Equipment, and they face a real risk that further passage of time may result in the Equipment being damaged or even concealed. Defendants have no right to retain the Equipment, and any harm they could conceivably suffer can be remedied by posting bond. For the foregoing reasons, Plaintiffs are entitled to an order of immediate possession of the Equipment pursuant to O.R.C. § 2737.19.  Plaintiffs have proven that there exists probable cause to support this Motion and that Plaintiffs will suffer irreparable injury if the Motion is not granted.

Respectfully submitted,

*/s/ Tyler M. Jolley*
Tyler M. Jolley (0092772)
Robert W. Schrimpf (0085020)
ROETZEL & ANDRESS, LPA
625 Eden Park Drive, Suite 450
Cincinnati, OH  45202
Phone: 513.361.0200
Fax: 513.361.0335
E-mail: tjolley@ralaw.com
        rschrimpf@ralaw.com

*Attorneys for Plaintiffs Sueno Fitness, Inc.,*
*Hilario Grajeda, and Rebecca Grajeda*

8

## CERTIFICATE OF SERVICE

A true copy of the foregoing was electronically filed with the Court on July 15, 2023. In addition, a true copy of the foregoing was served via U.S. mail on July 15, 2023 upon the following:

OH STEELE FITNESS, LLC
c/o Shane Franklin
230 Hill Road, Apt. 23
Dalton, GA 30721

OH STEELE FITNESS, LLC
c/o Shane Franklin
1468 Lexington Ave.
Mansfield, OH 44097

SHANE FRANKLIN
230 Hill Road, Apt. 23
Dalton, GA 30721

FITNESS 1440, INC.
870 East Williams Field Road
Gilbert, AZ 85295

FITNESS 1440, INC.
c/o Steven Beach
870 East Williams Field Road
Gilbert, AZ 85295

PHOENIX 1440, INC.
c/o Steven Beach
870 East Williams Field Road
Gilbert, AZ 85295

*/s/ Tyler M. Jolley*
Attorney for Plaintiffs

404550.01.121025.0001