UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SUENO FITNESS INC., *et al.*, | : | Case No. 1:23-cv-415 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| OH STEELE FITNESS, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

### ORDER MODIFYING PRELIMINARY INJUNCTION

On October 19, 2023, this Court issued the following preliminary injunction:

> Defendants [OH Steele Fitness, LLC and Shane Franklin] shall not to move, sell, dispose of, or conceal the Equipment (Docs. 10-2, 10-3) from the Premises (827 W. Central Ave., Springboro, Ohio 45066), and shall not allow any other person or entity to move, sell, dispose of, or conceal the Equipment from the Premises.

(Doc. 25 at 18).[1]

On November 8, 2023, the Court received email and telephone notice that the parties are moving towards a possible settlement.[2] Specifically, the evidence of possible settlement submitted to the Court suggests that Defendants OH Steele Fitness LLC and Shane Franklin (collectively, "Defendants") have agreed to allow Plaintiffs to inspect the Equipment for damages and to repossess the Equipment, which, provided the Equipment

---

[1] The Court writes for the parties, who are familiar with the facts and procedural history of this case. The Court previously detailed the facts and procedural history when granting Plaintiffs' motion for preliminary injunction. (Doc. 25 at 1-6).

[2] *See* 11/8/2023 Email on file with the Court.

is not damaged, should resolve all claims between the parties. However, the parties are unable to facilitate this agreement because, as written, the preliminary injunction order precludes *any* person from moving, selling, disposing of, or concealing the Equipment.

"The power to modify or dissolve injunctions springs from the court's authority to relieve inequities that arise after the original order." *Gooch v. Life Invs. Ins. Co. of Am.*, 672 F.3d 402, 414 (6th Cir. 2012) (quotation omitted). Indeed, pursuant to Fed. R. Civ. P. 60(b), the Court may modify an order if new evidence is discovered or for any other reason that justifies relief.

Here, the Court finds just reason to modify the preliminary injunction order to allow the parties to move forward with their potential settlement. Accordingly, the preliminary injunction order is **MODIFIED** as follows:

1. Defendants shall not move, sell, dispose of, or conceal the Equipment (Docs. 10-2, 10-3) from the Premises (827 W. Central Ave., Springboro, Ohio 45066), except as provided in Number 3.

2. Defendants shall not allow any other person or entity, to move, sell, dispose of, or conceal the Equipment from the Premises, except as provided in Number 3.

3. Subject to the conditions above, pursuant to any agreement between Defendants and Plaintiffs, Defendants are permitted (i) to provide access to Plaintiffs to inspect the Equipment, and (ii) to transfer possession of the Equipment to Plaintiffs only. If Plaintiffs take possession of the Equipment pursuant to such an agreement, Plaintiffs shall notify the Court, at which point the preliminary injunction shall be dissolved as moot.

On or before November 20, 2023—provided a notice of dismissal pursuant Federal Rule of Civil Procedure 41(a)(1)(A)(i) has not yet been filed—Plaintiffs' counsel

shall file a status report, detailing any inspection of the Equipment by Plaintiffs and the parties' settlement efforts. *See also* Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice.")

The Clerk and Plaintiffs' counsel shall serve a copy of this Order on Defendants.

**IT IS SO ORDERED.**

Date: 11/9/2023

*s/Timothy S. Black*
Timothy S. Black
United States District Judge